Matthew D. Thurlow (SBN 243470)
Email: mthurlow@bakerlaw.com
Theodore J. Weiss (SBN 287338)
Email: tweiss@bakerlaw.com
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025-0509
Telephone:  310.820.8800
Facsimile:   310.820.8859

Attorneys for Defendant,
The Sherwin-Williams Company

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT,<br><br>Plaintiff,<br><br>v.<br><br>THE SHERWIN-WILLIAMS COMPANY,<br><br>Defendant. | Case No.:  2:19-cv-00234<br><br>**DEDENDANT THE SHERWIN-WILLIAMS COMPANY'S NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant, The Sherwin-Williams Company ("Sherwin-Williams"), hereby removes this action from the Superior Court of the State of California in the County of Los Angeles, East Judicial District ("Superior Court") to the United States District Court for the Central District of California.

A true and correct copy of the Summons, Civil Case Cover Sheet, Complaint, and Notice of Case Management Conference filed by Plaintiff, the South Coast Air Quality Management District ("South Coast"), is attached hereto

as **Exhibit A** to this Notice of Removal ("Notice"). A copy of the case docket for the Superior Court, is attached hereto as **Exhibit B** to this Notice. Sherwin-Williams will provide written notice of the filing of this Notice to South Coast and a copy of this Notice will be filed with the Clerk of the Superior Court.

The following is a short statement of the grounds for removal:

## BACKGROUND

1. On November 30, 2018, South Coast filed a Summons and Complaint against Sherwin-Williams and Does 1 through 50 in Superior Court, *People of the State of California,* ex rel *South Coast Air Quality Management District v. The Sherwin-Williams Company*, No. 18PSCV00136 (Cal. Sup. Ct. Nov. 30, 2018). (Exh. A.) On December 12, 2018, South Coast served its Summons and Complaint on an agent for Sherwin-Williams. (Exh. A.)

2. South Coast is an entity that shares responsibility with the State of California and local district attorneys for regulating non-vehicular air pollution and emissions in all or portions of Orange, Los Angeles, Riverside, and San Bernardino Counties that constitute the South Coast Air Basin ("Basin"). (17 CCR § 60104 (2018); Cal. Health & Safety Code § 42403 (2018); Exh. A ¶ 2.)

3. Sherwin-Williams is an Ohio corporation, and its headquarters and principal place of business is located in Cleveland, Ohio.

4. South Coast's Complaint alleges seven claims against Sherwin-Williams and defendants Does 1 through 50: (1) Violation of District Rule 1113 (Sale): Strict Liability – Health & Safety Code Section 42402; (2) Violation of District Rule 1113: Emission of an Air Contaminant and Knowing Failure to Take Corrective Action – Health & Safety Code Section 42402.2(a); (3) Violation of District Rule 1113: Negligent Emission of an Air Contaminant – Health & Safety Code Section 42402.1(a); (4) Violation of District Rule 1113 (Offering for Sale): Strict Liability – Health & Safety Code Section 42402; (5) Violation of District Rule 1168: Strict Liability – Health & Safety Code Section 42402; (6) Violation of

District Rule 1143: Negligent Emission of an Air Contaminant – Health & Safety Code Section 42402.1(a); and (7) Violation of District Rule 1143: Willful & Intentional Emission of an Air Contaminant – Health & Safety Code Section 42402.3(a).  (Exh. A ¶¶ 32-62.)

5. South Coast's Complaint demands $30,000,000.  (Exh. A at 1.)  South Coast requests, solely on behalf of itself, recovery of civil penalties and costs of suit, including its costs of inspection, investigation, attorney's fees, prosecution, and other costs.  South Coast also seeks a preliminary and permanent injunction under Health & Safety Code Section 41513 in the Basin.  (Exh. A at 12.)

**GROUNDS FOR REMOVAL**

**A.     Sherwin-Williams Satisfied All Procedural Requirements for Removal**

1. Removal in this matter is timely because South Coast served the Summons and Complaint on Sherwin-Williams on December 12, 2018.  Sherwin-Williams timely seeks to remove this matter on January 10, 2019, within thirty (30) days of service of the Summons and Complaint.  28 U.S.C. § 1446(b).  No prior Notice of Removal has been filed or made with this Court.

2. The proper venue for this case under 28 U.S.C. § 1391(b)(2) is the United States District Court for the Central District of California because a "substantial part of the events or omissions giving rise to the claims(s)" occurred in Orange, Los Angeles, San Bernardino, and Riverside Counties, which are within the Central District of California.

**B.     Diversity Jurisdiction is a Basis for Removal**

3. This matter may be removed to this Court pursuant to 28 U.S.C. § 1441(b) because the Court has jurisdiction under 28 U.S.C. § 1332.  This Court has jurisdiction over this action because it is a civil action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interests and costs.

///

4. The Complaint concedes that Sherwin-Williams is an Ohio corporation. (Exh. A ¶ 4.) Sherwin-Williams is a corporation formed under Ohio law, with its headquarters and principal place of business located in Cleveland, Ohio. Sherwin-Williams is therefore a citizen of Ohio for purposes of diversity jurisdiction, and not a citizen of the State of California. 28 U.S.C. § 1332(c). The Complaint does not identify the citizenship of defendants Does 1 through 50. 28 U.S.C § 1441(b)(1) ("The citizenship of defendants sued under fictitious names shall be disregarded.").

5. South Coast is a citizen of the State of California for purposes of diversity jurisdiction in this case. Political subdivisions of states, including California counties and air pollution control districts, are typically considered "citizens" for purposes of diversity jurisdiction. *Moor v. County of Alameda*, 411 U.S. 693, 718-19 (1973) ("[I]t is well settled that for purposes of diversity of citizenship, political subdivisions are citizens of their respective State.") (internal quotations omitted); *Beentjes v. Placer County Air Pollution Control Dist.*, 254 F. Supp. 2d 1159, 1171 (E.D. Cal. 2003) ("As such, the districts are less 'arms of the state' than they are autonomous local agencies akin to counties and municipalities when acting under state authority.").

6. Indeed, South Coast has asserted that it is a "citizen" of California in defending the very air district rule—District Rule 1113—that South Coast seeks to enforce in this case. *Nat'l Paint & Coatings Ass'n, Inc. v. South Coast Air Quality Mgmt. Dist.*, 195 Fed. Appx. 557, 558 (9th Cir. 2006) ("SCAQMD [South Coast] removed the case on the basis of diversity and federal officer removal jurisdiction."); Order, *Nat'l Paint & Coatings Ass'n, Inc. v. South Coast Air Quality Mgmt. Dist.*, No. cv 04-02213 (SSx), at *3 (C.D. Cal. June 16, 2004) ("The respondent's [South Coast's] Notice of Removal also asserted that removal is proper based on diversity of citizenship under § 1332.") (attached hereto as **Exhibit C**).

7. South Coast purports to bring this case on behalf of the People of California, but South Coast, not the State, is the beneficiary of this litigation. *See Dep't of Fair Employment and Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 737-38 (9th Cir. 2011) (holding that "general governmental interest" in protecting the welfare of a state's citizens, alone, is insufficient grounds to defeat diversity and relief sought by agency in enforcement case must inure to the state alone).

8. The California Air Resources Board and State Attorney General are not involved this case. Indeed, in the Complaint, South Coast acknowledges the clear distinction between itself—which only regulates non-vehicular air emissions in four Southern California counties—versus the State of California. (Exh. A ¶¶ 1, 2, 11) (separately identifying the Plaintiff as the "District," with delimited authority, from the "State of California," which "has enacted a comprehensive statutory and regulatory framework designed to control air pollution and protect ambient air quality in the [entire] State"). Because the State is not involved in this litigation, and South Coast brings this action for the benefit of itself, and not California as a whole, there is diversity of citizenship in this case. *See In re Avandia Mktg., Sales Practices and Prod. Liab. Litig.*, 238 F. Supp. 3d 723, 730-31 (E.D. Pa. 2017) (holding that where county stood to recover civil penalties and controlled strategy of the case, it was a citizen under Ninth Circuit precedent).

9. This case is distinguishable from *California v. Exide Technologies Inc.*, No. 14-cv-01169, 2014 WL 12607708 (C.D. Cal. Apr. 9, 2014). That case involved different air district rules and state interests. *Exide* also respectfully appears to have been wrongly decided because the court failed to apply the correct legal standard for evaluating when an agency should be considered the alter-ego of the state, or the real party in interest, for purposes of diversity jurisdiction. Had the court examined the factors used for determining citizenship under existing precedent, it likely would have arrived at a different result.

///

10.     The amount in controversy in this case also exceeds the $75,000 required for diversity jurisdiction.  28 U.S.C. § 1332(a).  South Coast demands $30,000,000.  (Exh. A at 1.)  South Coast seeks civil penalties from Sherwin-Williams and Does 1 through 50 for violations of California Health & Safety Code Sections 42402, 42402.1, 42402.2, and 42402.3, in amounts ranging from $10,000 to $75,000 per violation per day.  (Exh. A at 11-12.)

**C.    Federal Question Jurisdiction also is a Basis for Removal**

11.     This Court also has original jurisdiction over this matter because this matter involves federal questions under the federal Clean Air Act.  28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

12.     As the Complaint acknowledges, South Coast's authority to regulate air contaminants arises under state and federal authority delegated under the Clean Air Act.  (Exh. A ¶ 20) ("VOC [volatile organic compound] emissions contribute to the formation of ozone and particulate matter, two pollutants regulated by State and Federal ambient air quality standards.  The Clean Air Act requires the United States Environmental Protection Agency . . . to set air quality standards to protect both public health and the public welfare (e.g. crops and vegetation).").

13.     South Coast previously sought to remove a challenge in a prior action on the basis that District Rule 1113 was promulgated under the color of federal authority.  *See Nat'l Paint & Coatings Ass'n Inc. v. South Coast Air Quality Mgmt. Dist.*, 195 Fed. Appx. 557, 558 (9th Cir. 2006).  South Coast therefore cannot dispute that resolution of this matter necessarily involves questions "arising under" federal law.

///
///
///

WHEREFORE, Sherwin-Williams removes the action now pending against it in the Superior Court of the State of California, County of Los Angeles, East Judicial District, to this Honorable Court.

Dated:  January 10, 2019           Respectfully submitted,


BAKER & HOSTETLER LLP

By:   */s/ Matthew D. Thurlow*

   Matthew D. Thurlow (SBN 243470)
   Theodore Weiss (SBN 287338)

Attorneys for Defendant,
THE SHERWIN-WILLIAMS COMPANY

# **CERTIFICATE OF SERVICE**

I, Matthew D. Thurlow, certify that on January 10, 2019, the foregoing DEFENDANT THE SHERWIN-WILLIAMS COMPANY'S NOTICE OF REMOVAL, was served via email and first class mail, on the following:

William B. Wong
wwong@aqmd.gov
Principal Deputy District Counsel
South Coast Air Quality Management District
21865 Copley Drive
Diamond Bar, CA 91765

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 10, 2019.

By: */s/ Matthew D. Thurlow*
MATTHEW D. THURLOW