UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-234 PSG (MRWx) | Date | April 25, 2019 |
|---|---|---|---|
| Title | People of the State of California, ex rel South Coast Air Quality Management District v. The Sherwin-Williams Company, et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**   The Court REMANDS the case to state court

After reviewing Defendant The Sherwin-Williams Company's ("Defendant") notice of removal and the complaint, the Court was not convinced that it had subject matter jurisdiction over the case. *See January 22, 2019 Order to Show Cause*, Dkt. # 13 ("*OSC*"), at 1.  Pointing out that a court in this district previously remanded another case involving the same plaintiff and similar claims in *California v. Exide Techs., Inc.*, No. CV 14-1169 ABC (MANx), 2014 WL 12607708 (C.D. Cal. Apr. 9, 2014), the Court ordered Defendant to show cause why the case should not be remanded for lack of subject matter jurisdiction, *see OSC* at 2–3, and Defendant complied, *see* Dkt. # 16 ("*Def.'s Br.*").  People of the State of California, ex rel South Coast Air Quality Management District ("South Coast") subsequently filed a brief expressing its position on whether the Court has subject matter jurisdiction over this case, *see* Dkt. # 18 ("*Pl.'s Br.*"), and Defendant replied, *see* Dkt. # 22 ("*Def.'s Reply*").  The Court finds the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  Having considered the moving papers, the Court **REMANDS** the case.

I.   Background

Under California law, South Coast regulates "non-vehicular air pollution and emissions" in the South Coast Air Basin ("the Basin"), which includes portions of Los Angeles, Orange, Riverside, and San Bernadino counties.  *See Complaint*, Dkt. # 1-1 ("*Compl.*"), ¶ 2; Cal. Health & Safety Code § 40410.  Defendant is a manufacturer of architectural coatings, adhesives, sealants, consumer multi-purpose solvents, and paint thinners.  *See Compl.* ¶ 4.  South Coast alleges that Defendant supplied, offered for sale, and sold to individuals and entities located in the Basin products containing volatile organic compounds ("VOCs") in excess of regulatory limits.  *Id.* ¶ 29.  According to South Coast, "VOC emissions contribute to the formation of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-234 PSG (MRWx) | Date | April 25, 2019 |
|---|---|---|---|
| Title | People of the State of California, ex rel South Coast Air Quality Management District v. The Sherwin-Williams Company, et al. | | |

ozone and particulate matter . . . [and] are one of the Basin's most serious regional air quality problems and among the most difficult pollutants to reduce to healthful levels." *Id.* ¶ 20.

Pursuant to its statutory authority under California Health & Safety Code § 42403, South Coast, "in the name of the State of California," filed suit against Defendant in Los Angeles Superior Court, alleging violations of various rules and regulations that it has promulgated to reduce air pollution. *See generally id.* Defendant timely removed the case to this Court, asserting both diversity and federal question jurisdiction. *See Notice of Removal*, Dkt. # 1 ("*NOR*"), ¶¶ 3–13.

II.  Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case must be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). In fact, district courts have an "independent obligation to address [subject-matter jurisdiction] *sua sponte*." *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004) (internal quotation marks omitted).

Courts strictly construe the removal statute against removal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

III. Request for Judicial Notice

Under Federal Rule of Evidence 201, a court may take judicial notice of facts not subject to reasonable dispute because they (1) are generally known within the court's territorial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-234 PSG (MRWx) | Date | April 25, 2019 |
|---|---|---|---|
| Title | People of the State of California, ex rel South Coast Air Quality Management District v. The Sherwin-Williams Company, et al. | | |

jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).

Here, Defendant asks the Court to take judicial notice of (1) documents that were filed in other federal court proceedings involving South Coast (Exhibits 1–8), (2) reports and documents of South Coast that are available on governmental websites (Exhibits 9–10), and (3) a copy of a "Statute of Limitations Tolling Agreement" that was executed between South Coast and Defendant and was expressly referenced in the complaint (Exhibit 11). *See Defendant's Request for Judicial Notice*, Dkt. # 16-1 ("*RJN*"). South Coast has not opposed the request.

Defendant references court filings from South Coast's prior litigation primarily to show that South Coast had previously asserted that it was a citizen of California. *See Def.'s Br.* 12:15–13:25. Yet, as the Court noted in its previous order, "subject matter jurisdiction cannot be waived and the Court has its own obligation to determine whether it exists, so South Coast's previous representations carry little to no weight." *OSC* at 2. Defendant further asks the Court to take notice of South Coast's reports and documents as evidence that South Coast is a governmental entity that operates "independently of the State." *Def.'s Br.* 2:18–4:12. However, the Court does not find these documents helpful or relevant in its subject matter jurisdiction analysis. Accordingly, although these documents may be proper subjects for judicial notice, the Court does not find them helpful in deciding whether it has subject matter jurisdiction over the case and therefore does not rely on them.

IV. Discussion

Generally, subject matter jurisdiction is based on complete diversity of citizenship between the parties, *see* 28 U.S.C. § 1332, or on the presence of a federal question, *see id.* § 1331. Defendant argues that the Court has subject matter jurisdiction over the case under both bases. The Court addresses each in turn.

    A. Diversity

For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the $75,000 amount in controversy requirement must be met. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-234 PSG (MRWx) | Date | April 25, 2019 |
|---|---|---|---|
| Title | People of the State of California, ex rel South Coast Air Quality Management District v. The Sherwin-Williams Company, et al. | | |

Here, Defendant asserts that it is a citizen of Ohio and that South Coast is a citizen of California for the purposes of diversity jurisdiction. *See NOR* ¶¶ 4–5. Because South Coast seeks more than $30,000,000 in damages, *Compl.* at 1, Defendant states that the amount-in-controversy requirement is easily met. *See id.* ¶ 10. South Coast counters that the State of California is the real party in interest in the matter and that South Coast is merely a nominal party. *See generally Pl.'s Br.* Because a state or state agency is not a "citizen" for the purposes of establishing diversity, *see Moor v. Cty. of Alameda*, 411 U.S. 693, 717 (1973), South Coast contends that a district court cannot exercise diversity jurisdiction over the case. *Id.* 15:13–17.

To determine whether a suit is between citizens of different states, courts must examine the citizenship of the real parties to the controversy, and not the citizenship of nominal or formal parties. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460–61 (1980). In the Ninth Circuit, a state is deemed to be the real party in interest in a litigation if "the relief sought is that which inures to [the state] alone, and in its favor the judgment or decree, if for the plaintiff, will effectively operate." *Dep't of Fair Emp't & Housing v. Lucent Techs., Inc.* ("*Lucent*"), 642 F.3d 728, 737 (9th Cir. 2011) (quoting *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 291 n.44 (1985)). More specifically, courts must look at (1) a state's "concrete interest" in the litigation and (2) the availability of a unique and substantial relief to that state. *See Nevada v. Bank of Am., Corp.*, 572 F.3d 661, 670–72 (9th Cir. 2012). "In making this determination, courts consider the substantive state law." *Lucent*, 642 F.3d at 738 (citing *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1183 (9th Cir. 2004)).

The facts in *Lucent* and *Nevada* serve as instructive bookends for this analysis. In *Lucent*, California's Department of Fair Employment and Housing ("DFEH") brought suit against an employer on behalf of an aggrieved employee for violations of the Fair Housing and Employment Act ("FEHA"), Cal. Civ. Code §§ 12900 et seq. *Id.* at 735–736. The DFEH, a state agency, claimed that it was the real party in interest for the purposes of diversity jurisdiction because the FEHA established California's interest in protecting all persons from employment discrimination. *Id.* at 738. The Ninth Circuit held that California's "general governmental interest[s]" were insufficient to render it a real party in interest in the litigation. *Id.* at 738–39 (quoting *Mo., Kan. & Tex. Ry. Co. v. Hickman*, 183 U.S. 53, 60 (1901)). The court buttressed its conclusion by pointing out that the equitable relief the DFEH sought for the state, which included a cease and desist order from discriminating against employees and development of a policy and training program to advise management of their obligations under the FEHA, was merely "tangential" to the relief sought for the individual employee, which included reinstatement, back and front pay, other benefits of employment, and damages. *Id.* at 739–40.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-234 PSG (MRWx) | Date | April 25, 2019 |
|---|---|---|---|
| Title | People of the State of California, ex rel South Coast Air Quality Management District v. The Sherwin-Williams Company, et al. | | |

In contrast, the Ninth Circuit held that the State of Nevada was the real party in interest where the state attorney general brought an action against Bank of America for misleading consumers about mortgage and foreclosure processes, in violation of the Nevada Deceptive Trade Practices Act ("NDTPA"). *Nevada*, 672 F.3d at 664. The court differentiated the circumstances in *Nevada* from those in *Lucent*, stating that "[u]nlike the California DFEH, which sued on behalf of a *single* aggrieved employee, . . . the Nevada Attorney General sued to protect the hundreds of thousands of homeowners in the state allegedly deceived by Bank of America, as well as those affected by the impact of Bank of America's alleged frauds on Nevada's economy." *Id.* at 670. Nevada's "strong and distinct interest" in the litigation was further demonstrated by the type of relief the attorney general sought—enforcement of a consent judgment, civil penalties that are not available to individual consumers, injunctive relief, and the recoupment of costs the state incurred from its investigation into the bank's practices. *Id.* at 671–72. The Ninth Circuit deemed these forms of relief substantial and unique to the state. *Id.* at 672.

Comparing the facts in this case with those in *Lucent* and *Nevada* compels the Court to conclude that California is the real party in interest here. Not only does the state have a concrete interest in the action, it also seeks substantial relief that is available to the state alone.

        *i.*        *Concrete Interest*

California's air quality districts were created to "adopt and enforce rules and regulations to achieve and maintain the state and federal ambient air quality standards in all areas affected by emission sources under their jurisdiction." Cal. Health & Safety Code § 40001(a). South Coast has been tasked with regulating non-vehicular air pollution and emissions in the South Coast Air Basin by developing and implementing "a comprehensive basinwide air quality management plan" for the "rapid abatement of existing emission levels to levels which will result in the achievement and maintenance of the state and federal ambient air quality standards." *Id.* § 40402(e). The Legislature has also equipped South Coast with the statutory authority to enforce civil violations of the air quality standards by allowing "the attorney for any [air quality] district in which the violation occurs" to assess and recover civil penalties by bringing a civil action "in the name of the people of the State of California." *Id.* § 42403.

Defendant urges the Court to look past this statutory language, characterizing it as merely stating a "narrow stylistic requirement." *Def.'s Br.* 14:12–13. Of course, this provision alone is not definitive evidence that the state is the real party in interest in this case. *See Lucent*, 642

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-234 PSG (MRWx) | Date | April 25, 2019 |
|---|---|---|---|
| Title | People of the State of California, ex rel South Coast Air Quality Management District v. The Sherwin-Williams Company, et al. | | |

F.3d at 739 n.7 (cautioning that a statute's pronouncement of the real party in interest is not binding on the courts for purposes of diversity jurisdiction). But it is nonetheless helpful in analyzing the State's interest in the matter. *See id.* In fact, courts have routinely found that California was the real party in interest when a civil enforcement action was brought under express statutory authority. *See, e.g.*, *Exide*, 2014 WL 12607708, at *1–2 (remanding a case involving South Coast with almost identical facts as here partially because the attorney for South Coast was authorized to bring an action in the name of California); *People v. U.S. Bank Nat'l Assoc.*, No. CV 12-7567 DMG (RZx), Dkt. 36, at 4–5 (C.D. Cal. May 15, 2013) (remanding the case, noting that the Los Angeles City Attorney had statutory authorization to bring a UCL enforcement suit in the name of California and concluding that the state was the real party in interest); *Nevada*, 672 F.3d at 670–72 (holding that the Nevada Attorney General had the statutory authority to pursue claims under the NDTPA and finding Nevada to be the real party in interest despite the fact that "individual consumers may also benefit from this lawsuit"); *Cty. of Santa Clara ex rel. Marquez v. Bristol Myers Squibb Co.*, No. 5:12-cv-03256-EJD, 2012 WL 4189126, at *4 (N.D. Cal. Sept. 17, 2012) (granting a motion to remand in a False Advertising Law ("FAL") case because under "the plain language in FAL, the County of Santa Clara is only a nominal or formal party to the proceeding. It is the conduit upon which the real party is tied to this suit—namely the State of California.").

The facts underlying this case further support a finding that California has a concrete interest in the case. South Coast alleges that Defendant knowingly supplied, offered for sale, and sold various substances that contain excessive VOCs to individuals and businesses located in the Basin. *Compl.* ¶ 4. VOC emissions contribute to the formation of ozone and particulate matter, which are "one of the Basin's most serious regional air quality problems and among the most difficult pollutants to reduce to healthful levels." *Id.* ¶ 20. The ozone and particulate matter that are created from VOCs adversely affect human health by irritating the human respiratory system. *Id.* ¶ 21. South Coast claims that several health studies have shown significant increases in hospital emergency room visits as a direct result of higher ozone and particulate matter concentrations. *Id.*

These alleged harms are more akin to those alleged in *Nevada* than to those in *Lucent*. In *Nevada*, the court noted that the state Attorney General had brought suit "because of [the state's] interest in protecting the integrity of mortgage loan servicing," because foreclosures not only harm borrowers who were defrauded, but also affect "other Nevada residents and the Nevada economy as a whole." 672 F.3d at 670. Likewise, here, South Coast seeks to correct a harm that Defendant has inflicted on numerous California residents by exposing them to increased health

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-234 PSG (MRWx) | Date | April 25, 2019 |
|---|---|---|---|
| Title | People of the State of California, ex rel South Coast Air Quality Management District v. The Sherwin-Williams Company, et al. | | |

risks by supplying substances containing excessive VOCS in violation of the rules and regulations. The Court is unpersuaded by Defendant's attempt to liken this case to *Lucent*, where the court found that the state's interest was too "general" to render it a party in interest. *Def.'s Br.* 21:20–22:5. Unlike in *Lucent*, where the DFEH sought only to vindicate the rights of *a single individual* from a specific employment relationship, *see Lucent*, 642 F.3d at 738–39, here, South Coast brings this suit to protect all the California residents within the Basin who allegedly have been affected by Defendant's violation of air quality regulations.

In sum, the Court concludes that "[t]he State of California has a strong sovereign interest in the outcome of this lawsuit: to protect its citizens' ambient air quality from emissions that know no borders." *Exide*, 2014 WL 12607708, at *2.

>   ii.     *Unique and Substantial Relief*

South Coast's requested remedy further strengthens California's concrete interest in the litigation. Unlike in *Lucent*, where the court found that the relief that the DFEH sought was only "tangential" to that sought for the aggrieved individual employee, 642 F.3d at 739, here South Coast seeks substantial relief that is unique to the state. South Coast seeks a preliminary and permanent injunction requiring Defendant to comply with rules and regulations, costs of suit including South Coast's costs of inspection and investigation, and at least $30,000,000 in civil penalties for the violations. *See Compl.* at 1, Prayer for Relief. The civil penalties recovered will be used to adopt and enforce rules and regulations to achieve and maintain the state and federal ambient air quality standards. These are all types of relief that the *Nevada* court recognized to be "substantial relief that is available to [the state] alone," *see* 672 F.3d at 672, and serve as evidence that "this is fundamentally a law enforcement action brought on behalf of the general public . . . not for the benefit of private parties," *Exide*, 2014 WL 12607708, at *4.

Defendant claims that South Coast, *not* the State of California, is the real party in interest, primarily relying on language in California Health and Safety Code § 42405, which states that any penalty collected through an action brought by an attorney for the district will go directly to the district rather than the State Treasury. *See Def.'s Br.* 22:6–16. However, the Court disagrees that this factor somehow renders South Coast the real party in interest. It is a longstanding rule that civil penalties are reserved for law enforcement and are for the benefit of the public regardless of where they are deposited. *See California v. Smartwear Techs.*, No. 11-cv-1361 JAH (NLS), 2012 WL 243343, at *3 (S.D. Cal. Jan. 25, 2012) (remanding a suit because "the civil penalties [the state] seeks are punitive and serve a public interest in preventing future

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 19-234 PSG (MRWx) | Date | April 25, 2019 |
| Title | People of the State of California, ex rel South Coast Air Quality Management District v. The Sherwin-Williams Company, et al. | | |

fraudulent schemes which further demonstrates the state's substantial interest in the action"); *see also People v. Steelcase*, 792 F. Supp. 84, 86 (C.D. Cal. 1992) ("Civil penalties are not damages recovered for the benefit of private parties; they are more akin to a criminal enforcement action and are brought in the public interest.").

      *iii.*    *Defendant's Cases*

Defendant claims that "regardless of its use of the name of the people of California in the caption," South Coast does not represent or litigate on behalf of the State. *Def.'s Br.* 14:19–20. However, the Court is not persuaded by the cases Defendant cites to support this proposition.

First, Defendant points to *Hollingsworth v. Perry*, 570 U.S. 693 (2013), to argue that "a state is present for jurisdictional purposes only when the state is represented by an agent in fact rather than merely an agent in name." *Def.'s Br.* 16:21–23. In *Hollingsworth*, the official proponents of a voter-approved initiative measure sought to assert the State's interest in the initiative's validity and appeal a judgment invalidating the measure after the public officials who ordinarily would defend the measure declined to do so. 570 U.S. at 702–03. The Supreme Court held that the proponents did not have standing to appeal the judgment because they were private parties whose "only interest was to vindicate the constitutional validity of a generally applicable California law." *Id.* at 706. In response to the proponents' argument that they were authorized to act as agents of California, the Court pointed out that they never represented themselves to be or were treated by the lower courts as agents of California during the course of litigation and that many of the basic features of an agency relationship were missing. *Id.* at 712–13.

Defendant points to this discussion to claim that South Coast is not an "agent" of California and therefore cannot be representing the State's interests. *Id.* 16:26–17:1. However, *Hollingsworth* was a case about standing, not diversity jurisdiction. It does not discuss when a state is the "real party in interest," let alone expressly overrule the Ninth Circuit's holdings in *Lucent* or *Nevada*. Therefore, the Court finds that the standard set forth in *Lucent* and *Nevada* is still binding on this Court, *see Hart v. Massanari*, 266 F.3d 1155, 1171 n.28 (9th Cir. 2001), and finds Defendant's reliance on *Hollingsworth* inapposite.

The Court also finds that Defendant's reliance on *California v. M&P Investments*, 213 F. Supp. 2d 1208 (E.D. Cal. 2002), unavailing because of the distinguishable facts in that case. *See Def.'s Reply* 7:7–8:1. In *M&P*, the City of Lodi filed an action to abate a public nuisance and joined the People as a co-plaintiff under California Code of Civil Procedure § 731, which allows

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-234 PSG (MRWx) | Date | April 25, 2019 |
|---|---|---|---|
| Title | People of the State of California, ex rel South Coast Air Quality Management District v. The Sherwin-Williams Company, et al. | | |

such actions to be brought under the name of the People. 213 F. Supp. 2d at 1213. The city attorney sought a preliminary injunction which also enjoined the Department of Toxic Substances and Control ("DTSC"), a state agency, from "various aspects of its duties." *Id.* DTSC objected to the injunction and questioned whether the City represented the state of California. *Id.* In response, the city attorney expressly conceded that he did not represent the State of California. *Id.* Instead, the city attorney took a peculiar position that it represented "all of the people in the State of California" as an entity *separate* from the "executive branch" of the state. *Id.* at 1214. The *M&P* court rejected the city attorney's position, noting that there were only two possible answers to the question of who is the plaintiff when a suit is brought under § 731: (1) the city or (2) the State of California. *Id.* at 1216. It found that the city attorney's third option—"that the plaintiff is simply 'all of the people' in the State (separate and apart from the State and the City of Lodi)" was not supported by the statutory language. *Id.* Further, the court found it relevant to its decision that allowing the city attorney to represent "the people of California" would mean that the injunction it sought would have a preclusive effect on other state agencies, state prosecutors, and local prosecutors. *Id.* at 1217.

Many of these facts are not present in this case. South Coast has not conceded that it does not represent the State of California, nor has it taken a position that it represented the "people" of California as an entity separate from the State. Further, South Coast does not seek relief that would preclude other state or local agencies from bringing similar actions against Defendant. Therefore, the Court finds unpersuasive Defendant's attempts to equate South Coast's position to that of the city attorney in *M&P*.

In sum, the Court finds that Defendant's reliance on *Hollingsworth* and *M&P* is insufficient for it to meet is heavy burden to show that removal is proper.

    *iv.* *Conclusion*

The Court concludes that the State of California, not South Coast, is the real party in interest in the case. Because states are not "citizens of a state" for diversity purposes, *see Moor*, 411 U.S. at 717, the Court does not have diversity jurisdiction over the suit.

  B. <u>Federal Question</u>

Federal question jurisdiction applies when a case arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, under the well-pleaded complaint

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-234 PSG (MRWx) | Date | April 25, 2019 |
|---|---|---|---|
| Title | People of the State of California, ex rel South Coast Air Quality Management District v. The Sherwin-Williams Company, et al. | | |

rule, a claim can generally only be said to arise under the laws and treaties of the United States if the complaint itself raises a federal question. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Defendant asserts that federal question jurisdiction exists here because Plaintiff's authority to regulate air quality arises under authority delegated under the Clean Air Act. *NOR* ¶ 12. However, as the Court has pointed out in its order to show cause, South Coast's complaint only asserts state law claims which will not obviously require an interpretation of the Clean Air Act. *OSC* at 3. And Defendant continues to "provide[] no authority for the proposition that a federal delegation of authority to states to create regulations means that the subsequent state-created regulations give rise to federal question jurisdiction." *Id.*

Because the South Coast's complaint does not otherwise present a federal question on its face, the Court concludes that it lacks federal question jurisdiction over the matter.

V.   Conclusion

For the foregoing reasons, the Court finds that it lacks diversity and federal question jurisdiction over the matter. Because the Court lacks jurisdiction, it **REMANDS** the case back to the Los Angeles Superior Court (Case No. 18PSCV00136).

Defendant's motion to dismiss (Dkt. # 15) is **RENDERED MOOT**.

This order closes the case.

**IT IS SO ORDERED.**